Case 4:18-cr-00010-SEB-VTW   Document 568   Filed 02/06/26   Page 1 of 4 PageID #: 2529

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

United States of America
v.
BRIAN JENT

Case No: 4:18-cr-00010-SEB-VTW-1
USM No: 16435-028

Date of Original Judgment: 11/13/2023
Date of Previous Amended Judgment:
*(Use Date of Last Amended Judgment if Any)*

Defendant's Attorney

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 11/13/2023 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 02/06/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Effective Date: _____
*(if different from order date)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cr-00010-SEB-VTW |
| | ) | |
| BRIAN JENT, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Pending before the Court is Petitioner Brian Jent's Motion to Reduce Sentence, filed pursuant to USSG Amendments 821 and 829 [Dkt. 721]. The Government has filed its response in opposition to the motion.

Being duly advised, the Court hereby **DENIES** the motion. Petitioner is ineligible for a reduced sentence based on Amendment 821 to the Sentencing Guidelines for the reason that applying the Amendment would not result in a reduction of Petitioner's original guideline range. USSG § 1B1.10. Amendment 829 is not retroactive and thus has no application here.

Pursuant to the holding in Dillon v. U.S., 560 U.S. 817, 824 (2010), and the requirements set out in the applicable statutes (i.e., 18 U.S.C. § 3582(c)(2)) as well as the Sentencing Guidelines (§§ 4A1.1(a) and (e)), no change effectuated by Amendment 821 to the Guidelines applies to Petitioner because his original guideline range would not be reduced, thus making him ineligible for a reduced sentence. To qualify for relief under § 3582(c)(2), a petitioner's sentencing range must be lowered by the Amendment.

Part A of Amendment 821 alters the status points provision regarding the criminal history (USSG § 4A1.1(e)) directing the addition of 1 point (rather than 2 under the original guidelines

formulation), if the defendant received 7 criminal history points and committed the offense while under criminal justice sentence as specified. A person who had six criminal history points or fewer receives no status points.

Part B of Amendment 821 allows for a 2-level reduction in offense level for (many) offenders who had zero criminal history points. There are several exceptions to eligibility for this reduction, one of which is that he must meet all of § 4C1.1's criteria for eligibility.

Petitioner Jent pled guilty pursuant to Rule 11 (C)(1)(c) Fed.R.Crim.P. to an Information charging him with conspiracy to possess with intent to distribute and to distribute methamphetamine, which included an agreed upon sentence of 180 months. His total offense level was 35 and he was awarded 15 criminal history points. His resulting guidelines range was 292-365 months; the statutory maximum sentence was 20 years. He was sentenced to 180 months, consistent with the 11 (C)(1)(c) agreement. The sentencing guideline computation included no status points. Thus, even after applying § 4A1.1(e), he would have the same number of criminal history points and his sentencing guidelines range would remain unchanged. Accordingly, the Amendment does not affect his overall sentence. As previously noted, to be eligible for relief, the sentencing range must be lowered by application of the amendment. His motion for reduction of sentence under Part A of Amendment 821 must therefore be denied. (Part B does not apply because of his 15 criminal history points.)

As for a sentence reduction for youthful offenders who were 25 years of age or younger at the time of the offense, pursuant to Amendment 829, that Amendment does not apply retroactively, making Petitioner ineligible for a reduction on this basis.

In any event, the Court also concludes that based on the §3553 factors, no reduction is warranted.

The Motion to Reduce Sentence is, accordingly, **DENIED**.

IT IS SO ORDERED.

Date: 2/6/2026

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Counsel of Record via CM/ECF

Brian Jent
Reg. No. 16435-028
FCI Hazelton
Federal Correctional Institution
P.O. Box 460
Bruceton Mills, MV  26525